**IndBusDB, MEANSNO, Repeat, PRVDISM, PRVDISCH, REOPEN, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1–20–44192–nhl

|  |  |
|---|---|
| | *Date filed:* 12/07/2020 |
| *Assigned to:* Nancy Hershey Lord | *Date reopened:* 05/27/2022 |
| Chapter 7 | *Debtor discharged:* 05/18/2021 |
| Voluntary | *Joint debtor discharged:* 05/18/2021 |
| No asset | *341 meeting:* 01/19/2021 |
| | *Deadline for objecting to discharge:* 05/12/2021 |
| | *Deadline for financial mgmt. course:* 03/12/2021 |

*Debtor disposition:* Standard Discharge
*Joint debtor disposition:* Standard Discharge

| | |
|---|---|
| ***Debtor*** | represented by **Robert J Musso** |
| **Syed Rashid** | 26 Court Street |
| 247 Koch Blvd | Suite 2211 |
| Staten Island, NY 10312–5416 | Brooklyn, NY 11242 |
| RICHMOND–NY | (718) 855–6840 |
| SSN / ITIN: xxx–xx–0986 | Fax : (718) 625–1966 |
| | Email: Rmusso@nybankruptcy.net |
| | |
| | **Bruce Weiner** |
| | Rosenberg Musso & Weiner LLP |
| | 26 Court Street |
| | Suite 2211 |
| | Brooklyn, NY 11242 |
| | (718) 855–6840 |
| | Fax : 718–625–1966 |
| | Email: courts@nybankruptcy.net |
| | |
| ***Joint Debtor*** | represented by **Robert J Musso** |
| **Zareena Rashid** | (See above for address) |
| 247 Koch Blvd | |
| Staten Island, NY 10312–5416 | **Bruce Weiner** |
| RICHMOND–NY | (See above for address) |
| SSN / ITIN: xxx–xx–2311 | |
| | |
| ***Trustee*** | represented by **Holly R. Holecek** |
| **Lori Lapin Jones** | LaMonica Herbst & Maniscalco LLP |
| Lori Lapin Jones PLLC | 3305 Jerusalem Avenue |
| 98 Cutter Mill Road | Wantagh, NY 11793 |
| Suite 255 South | (516) 826–6500 |
| Great Neck, NY 11021 | Fax : (516) 826–0222 |
| (516) 466–4110 | Email: hrh@lhmlawfirm.com |
| | |
| ***U.S. Trustee*** | |
| **Office of the United States Trustee** | |
| Eastern District of NY (Brooklyn) | |
| Alexander Hamilton Custom House | |
| One Bowling Green, Room 510 | |
| New York, NY 10004–1408 | |
| (212) 206–2580 | |

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/28/2024 | | 90 | Order Granting Balance of Debtor's Motion Seeking Sanctions against Howard File, Esq. and Barry Crupi for Violations of the Discharge Injunction. (RE: related document(s)30 Motion to Reopen Chapter 7 Case filed by Debtor Syed Rashid, Joint Debtor Zareena Rashid, Motion for Sanctions for Violation of the Discharge Injunction, Motion to Compel). Signed on 3/28/2024. (jag) (Entered: 03/28/2024) |
| 04/02/2024 | | 91 | Civil Cover Sheet Filed by Howard M File on behalf of Howard File, Esq. (Attachments: # 1 Notice of Appeal and Statement of Election)(File, Howard) (Entered: 04/02/2024) |
| 04/02/2024 | | 92 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Howard M File on behalf of Howard File, Esq. Appellant Designation due by 04/16/2024. Transmission of Designation to District Court Due by 05/2/2024. (File, Howard) (Entered: 04/02/2024) |
| 04/03/2024 | | 93 | Notice to Parties of Requirements, Deadlines (RE: related document(s)92 Notice of Appeal filed by Interested Party Howard File, Esq) (jag) (Entered: 04/03/2024) |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:                                                        Chapter 7


Syed Rashid and Zareena Rashid,                               Case No. 1-20-44192-NHL


                         Debtor.

-----------------------------------------------------------------x


## ORDER GRANTING BALANCE OF DEBTORS' MOTION SEEKING SANCTIONS AGAINST HOWARD FILE, ESQ. AND BARRY CRUPI FOR VIOLATIONS OF THE DISCHARGE INJUNCTION

WHEREAS, on December 7, 2020, Syed and Zareena Rashid (the "Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code; and

WHEREAS, on May 18, 2021, an order was entered discharging both Debtors, and the case was subsequently closed; and

WHEREAS, on April 13, 2022, the Debtors filed a motion [ECF No. 30] (the "Sanctions Motion") to reopen their Chapter 7 case so they may seek sanctions against Howard File, Esq. ("File") and his client Barry Crupi ("Crupi," and together with File, the "Respondents") for violations of the discharge injunction, and for an order compelling File and Crupi to discontinue an action filed in NYS Supreme Court, Richmond County (Docket No. 150826/2019) (the "State Court Action"); and

WHEREAS, the Respondents, through counsel David J. Doyaga, Esq., filed a partial opposition to the Sanctions Motion on May 12, 2022 [ECF No. 32], conceding to the reopening of the case, but opposing the imposition of sanctions; and

WHEREAS, the Debtors filed a response to the Respondents' opposition on May 17, 2022 [ECF No. 34]; and

WHEREAS, a hearing was held before the Court on May 19, 2022 (the "May 19 Hearing"), at which Robert Nadel, Esq. appeared as counsel to the Debtors, and David J. Doyaga, Sr., Esq. appeared as counsel to the Respondents; and

WHEREAS, at the May 19 Hearing, the Sanctions Motion was granted in part, and the Court set a briefing schedule on the issue of sanctions and damages; and

WHEREAS, the Court entered an order reflecting the relief granted at the May 19 Hearing on May 27, 2022 [ECF No. 36], which (1) reopened the case; (2) found that the Respondents violated the discharge injunction; (3) directed the Respondents to discontinue and withdraw the State Court Action as to the Debtors; (4) directed Debtors' counsel to submit time records evidencing actual damages, and to submit proof of ancillary damages suffered; and (5) set a briefing schedule on the balance of the Debtors' motion with regard to the issue of sanctions; and

WHEREAS, on June 22, 2022, Debtors filed a memorandum of law [ECF No. 43] in support of the Sanctions Motion which included a calculation of Debtors' counsel's fees and costs incurred in prosecuting the Sanctions Motion, totaling $48,480.00; and

WHEREAS, the parties filed their respective papers [ECF Nos. 47, 49, 55, 56, 61, 63], and hearings were held and adjourned from time to time; and

WHEREAS, on January 19, 2023, the Court established a further briefing schedule regarding the application of the Supreme Court's ruling in Taggart v. Lorenzen, 139 S. Ct. 1795 (2019) to the issues implicated by the Sanctions Motion; and

WHEREAS, the parties filed their respective briefs [ECF Nos. 70-72]; and

WHEREAS, a hearing was held before the Court on September 27, 2023 (the "Hearing"), at which Robert Nadel, Esq. appeared as counsel to the Debtors, David J. Doyaga, Sr., Esq. appeared as counsel to the Respondents, and Howard File, Esq. appeared individually; and

WHEREAS, at the Hearing, the Court read a decision into the record, the transcript of which is incorporated herein by reference; and

WHEREAS, consistent with the decision read into the record of the Hearing, on October 15, 2023, counsel for the Debtors filed an affirmation in support of granting further legal fees which were incurred prosecuting the Sanctions Motion since June 22, 2022 [ECF No. 76] (the "Additional Fees Request"); and

WHEREAS, by the Additional Fees Request, Debtors' counsel seeks the imposition of an additional $14,322.35 in legal fees, and $667.35 in costs, based upon 22.7 hours expended and expenses incurred in connection with the Sanctions Motion between June 22, 2022, and October 12, 2023; and

WHEREAS, on October 26, 2023, David J. Doyaga, Esq. filed a motion by order to show cause seeking (1) to be relieved as counsel to the Respondents, and (2) to extend the time periods for new counsel for the Respondents to (i) object to additional legal fees, (ii) stay the judgment pending appeal, and (iii) file a notice of appeal [ECF No. 80] (the "Motion to Withdraw"); and

WHEREAS, a hearing was held before the Court on the Motion to Withdraw on November 2, 2023, at which Robert Nadel, Esq. and Robert Musso, Esq. appeared as counsel to the Debtors, David J. Doyaga, Sr., Esq. appeared, and Howard File, Esq. appeared individually; and

WHEREAS, on November 14, 2023, the Court entered an order [ECF No. 85] relieving David J. Doyaga, Esq. as counsel of record for the Respondents, and extending the time for the

Respondents or their new counsel to file an objection to the Additional Fees Request from October 30, 2023, until December 18, 2023; and

WHEREAS, on December 18, 2023, File filed an affidavit in partial opposition to the Additional Fees Request [ECF No. 86] (the "Additional Fees Objection"); and

WHEREAS, no response to the Additional Fees Request was filed by or on behalf of Crupi; and

WHEREAS, by the Additional Fees Objection, File opposes the imposition of legal fees for 6.5 hours of work, totaling $3,900, which was performed by Debtors' counsel on February 5, 2023, February 7, 2023, and February 8, 2023, arguing, *inter alia*, that, the state court action against the Debtors had previously been discontinued per this Court's May 27, 2022 order, and that the Debtors were merely subpoenaed to appear for trial on February 8, 2023 against their co-defendant as material witnesses and, as such, those fees were not incurred as a result of the violation of the discharge order; and

WHEREAS, on December 28, 2023, Debtors' counsel filed an affirmation [ECF No. 88] in response to the Additional Fees Objection and asserting (1) that it was necessary for Debtors' counsel to speak to the Debtors on February 5, 2023 and February 7, 2023 because the Debtors were nervous about the upcoming hearing, and (2) that it was necessary to attend the state court hearing on February 8, 2023 because, based upon File's previous conduct in violation of the discharge injunction, the Debtors were concerned that File may attempt to call the Debtors to testify as an opportunity to confuse them into compromising their rights;

**NOW, IT IS HEREBY FOUND AND DETERMINED THAT** the fees incurred for legal services rendered on February 5, 2023, February 7, 2023, and February 8, 2023, in connection with representing the Debtors in state court should not be awarded as sanctions against the Respondents.

The Court rejects the Debtors' argument that File's prior violations of the discharge injunction necessitated having an attorney present for the Debtors in the State Court Action on February 8, 2023.  On the record of the Hearing, which was held September 27, 2023, the Court specified the 12 discharge violations committed by the Respondents, the last of which was a letter sent by File to Judge Didomenico on May 27, 2022, wherein File asserted that the Debtors violated a directive of the state court with respect to seeking sanctions against the Respondents. There is nothing in the record of this case to establish, or even suggest, that the Respondents would, or did, violate the discharge injunction after May 27, 2022. The State Court Action was discontinued against the Debtors in accordance with this Court's order. The Debtors were not on trial February 8, 2023, and were only present in their capacity as witnesses for the trial against their former co-defendant. This Court cannot conclude that legal fees for representation of the Debtors in that regard are compensable as a result of the discharge violations at issue.  Accordingly, those fees should not be awarded as sanctions against the Respondents.

**NOW, THEREFORE,** for the reasons stated on the record of hearing on September 27, 2023, and based upon the Additional Fees Request and all responses thereto, all of which are incorporated herein by reference, and for the reasons stated herein, it is hereby

**ORDERED,** that the relief sought in the Sanctions Motion and Additional Fees Request is granted as set forth herein; and it is further

**ORDERED**, that the Respondents' objection to the Sanctions Motion is overruled; and it is further

**ORDERED**, that the Respondents are in contempt of the discharge order entered May 18, 2021; and it is further

**ORDERED**, that the Additional Fees Objection by File is sustained; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, legal fees in the amount of $58,902.35 and costs in the amount of $667.35; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, emotional distress damages in the sum of $5,000.00; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, punitive damages in the sum of $6,000.00; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that the Debtors' counsel shall serve a copy of this Order by first class mail, or email where available, upon Howard File, Esq., Barry Crupi, and the United States Trustee within two (2) business days of entry of this order and to file proof of service thereof.



**Dated: March 28, 2024**
       **Brooklyn, New York**

                                              **Nancy Hershey Lord**
                                     **United States Bankruptcy Judge**

JS 44 (Rev. 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DEBTORS - SYED RASHID & ZAREENA RASHID | RESPONDENT - HOWARD FILE, ESQ. |

| **(b)** County of Residence of First Listed Plaintiff   RICHMOND | County of Residence of First Listed Defendant   RICHMOND |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Rosenberg, Musso, Weiner LLP<br>26 Court Street, Suite 2211<br>Brooklyn, New York 11242<br>(718) 855-6840 | Pro Se<br>260 Christopher Lane, Suite 201<br>Staten Island, New York 10314<br>(718) 494-8800 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause?* Yes ☐  No ☑ "

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☒ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Bankruptcy Code 11 USC Section 524

Brief description of cause:
Sanctions for violation of discharge injunction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
April 2, 2024

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)   Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes   ☑ No

2.)   If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes   ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☑ Yes    ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain)    ☑ No

I certify the accuracy of all information provided above.

**Signature:** _____

Last Modified: 11/27/2017

10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                   Chapter 7

SYED RASHID and ZAREENA RASHID,                          Case No. 1-20-44192-NHL

                            Debtor.
-----------------------------------------------------------x

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1:  Identify the Appellant(s)**

1. Name of Appellant:    Howard File, Esq.

2. Position of Appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding:
   __ Plaintiff          ___ Defendant          ___ Other (describe)

   For appeals in a bankruptcy case and not in an adversary proceeding:
   ___ Debtor      ___ Creditor      ___ Trustee      X Other Respondent

**Part 2: Identify the subject of this appeal**

1. Describe the judgment – or the appealable order or decree – from which the appeal is taken:  Order granting balance of Debtors' Motion Seeking Sanctions Against Howard File, Esq. and Barry Crupi for Violation of the Discharge Injunction
2. State the date on which the judgment or appealable order or decree was entered: March 28, 2024

**Part 3: Identify the other parties to the appeal**

    Party
1. Respondent/Appellant:        Howard File, Esq./Pro Se
                                260 Christopher Lane, Suite 201
                                Staten Island, New York 10314
                                (718) 494-8800
                                hfile@hmfesq.com

11

<u>Party</u>
2. Debtors/Respondents:                    Attorney:
   Syed Rasid & Zareena Rashid             Rosenberg, Musso, Weiner LLP
                                           26 Court Street
                                           Brooklyn, New York 11242
                                           (718) 855-6840
                                           Rmusso@nybankruptcy.net

<u>Party</u>
3. Respondent                              Pro Se
   Barry Crupi                             298 Arthur Kill Road
   barryab@msn.com                         Staten Island, New York 10308
                                           (718) 541-4717

4. Lori Lapin Jones
   Chapter 7 Trustee
   98 Cutter Mill Road
   Suite 255 South
   Great Neck, NY 11021
   (516) 466-4110
   ljones@jonespllc.com

5. Office of the United States Trustee
   Eastern District of NY (Brooklyn)
   Alexander Hamilton Custom House
   One Bowling Green, Room 510
   New York, New York 10004-1408

**Part 4: Optional election to have appeal heard by District Court**:  Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

_____                   Date: April 2, 2024
Howard File, Esq. – Pro Se

Howard File, Esq.
260 Christopher Lane, Suite 201
Staten Island, New York 10314
(718) 494-8800

12

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                          Chapter 7


Syed Rashid and Zareena Rashid,                 Case No. 1-20-44192-NHL


                        Debtor.

-------------------------------------------------------------------x

### ORDER GRANTING BALANCE OF DEBTORS' MOTION SEEKING SANCTIONS AGAINST HOWARD FILE, ESQ. AND BARRY CRUPI FOR VIOLATIONS OF THE DISCHARGE INJUNCTION

WHEREAS, on December 7, 2020, Syed and Zareena Rashid (the "Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code; and

WHEREAS, on May 18, 2021, an order was entered discharging both Debtors, and the case was subsequently closed; and

WHEREAS, on April 13, 2022, the Debtors filed a motion [ECF No. 30] (the "Sanctions Motion") to reopen their Chapter 7 case so they may seek sanctions against Howard File, Esq. ("File") and his client Barry Crupi ("Crupi," and together with File, the "Respondents") for violations of the discharge injunction, and for an order compelling File and Crupi to discontinue an action filed in NYS Supreme Court, Richmond County (Docket No. 150826/2019) (the "State Court Action"); and

WHEREAS, the Respondents, through counsel David J. Doyaga, Esq., filed a partial opposition to the Sanctions Motion on May 12, 2022 [ECF No. 32], conceding to the reopening of the case, but opposing the imposition of sanctions; and

1

WHEREAS, the Debtors filed a response to the Respondents' opposition on May 17, 2022 [ECF No. 34]; and

WHEREAS, a hearing was held before the Court on May 19, 2022 (the "May 19 Hearing"), at which Robert Nadel, Esq. appeared as counsel to the Debtors, and David J. Doyaga, Sr., Esq. appeared as counsel to the Respondents; and

WHEREAS, at the May 19 Hearing, the Sanctions Motion was granted in part, and the Court set a briefing schedule on the issue of sanctions and damages; and

WHEREAS, the Court entered an order reflecting the relief granted at the May 19 Hearing on May 27, 2022 [ECF No. 36], which (1) reopened the case; (2) found that the Respondents violated the discharge injunction; (3) directed the Respondents to discontinue and withdraw the State Court Action as to the Debtors; (4) directed Debtors' counsel to submit time records evidencing actual damages, and to submit proof of ancillary damages suffered; and (5) set a briefing schedule on the balance of the Debtors' motion with regard to the issue of sanctions; and

WHEREAS, on June 22, 2022, Debtors filed a memorandum of law [ECF No. 43] in support of the Sanctions Motion which included a calculation of Debtors' counsel's fees and costs incurred in prosecuting the Sanctions Motion, totaling $48,480.00; and

WHEREAS, the parties filed their respective papers [ECF Nos. 47, 49, 55, 56, 61, 63], and hearings were held and adjourned from time to time; and

WHEREAS, on January 19, 2023, the Court established a further briefing schedule regarding the application of the Supreme Court's ruling in Taggart v. Lorenzen, 139 S. Ct. 1795 (2019) to the issues implicated by the Sanctions Motion; and

WHEREAS, the parties filed their respective briefs [ECF Nos. 70-72]; and

WHEREAS, a hearing was held before the Court on September 27, 2023 (the "Hearing"), at which Robert Nadel, Esq. appeared as counsel to the Debtors, David J. Doyaga, Sr., Esq. appeared as counsel to the Respondents, and Howard File, Esq. appeared individually; and

WHEREAS, at the Hearing, the Court read a decision into the record, the transcript of which is incorporated herein by reference; and

WHEREAS, consistent with the decision read into the record of the Hearing, on October 15, 2023, counsel for the Debtors filed an affirmation in support of granting further legal fees which were incurred prosecuting the Sanctions Motion since June 22, 2022 [ECF No. 76] (the "Additional Fees Request"); and

WHEREAS, by the Additional Fees Request, Debtors' counsel seeks the imposition of an additional $14,322.35 in legal fees, and $667.35 in costs, based upon 22.7 hours expended and expenses incurred in connection with the Sanctions Motion between June 22, 2022, and October 12, 2023; and

WHEREAS, on October 26, 2023, David J. Doyaga, Esq. filed a motion by order to show cause seeking (1) to be relieved as counsel to the Respondents, and (2) to extend the time periods for new counsel for the Respondents to (i) object to additional legal fees, (ii) stay the judgment pending appeal, and (iii) file a notice of appeal [ECF No. 80] (the "Motion to Withdraw"); and

WHEREAS, a hearing was held before the Court on the Motion to Withdraw on November 2, 2023, at which Robert Nadel, Esq. and Robert Musso, Esq. appeared as counsel to the Debtors, David J. Doyaga, Sr., Esq. appeared, and Howard File, Esq. appeared individually; and

WHEREAS, on November 14, 2023, the Court entered an order [ECF No. 85] relieving David J. Doyaga, Esq. as counsel of record for the Respondents, and extending the time for the

Respondents or their new counsel to file an objection to the Additional Fees Request from October 30, 2023, until December 18, 2023; and

WHEREAS, on December 18, 2023, File filed an affidavit in partial opposition to the Additional Fees Request [ECF No. 86] (the "Additional Fees Objection"); and

WHEREAS, no response to the Additional Fees Request was filed by or on behalf of Crupi; and

WHEREAS, by the Additional Fees Objection, File opposes the imposition of legal fees for 6.5 hours of work, totaling $3,900, which was performed by Debtors' counsel on February 5, 2023, February 7, 2023, and February 8, 2023, arguing, *inter alia*, that, the state court action against the Debtors had previously been discontinued per this Court's May 27, 2022 order, and that the Debtors were merely subpoenaed to appear for trial on February 8, 2023 against their co-defendant as material witnesses and, as such, those fees were not incurred as a result of the violation of the discharge order; and

WHEREAS, on December 28, 2023, Debtors' counsel filed an affirmation [ECF No. 88] in response to the Additional Fees Objection and asserting (1) that it was necessary for Debtors' counsel to speak to the Debtors on February 5, 2023 and February 7, 2023 because the Debtors were nervous about the upcoming hearing, and (2) that it was necessary to attend the state court hearing on February 8, 2023 because, based upon File's previous conduct in violation of the discharge injunction, the Debtors were concerned that File may attempt to call the Debtors to testify as an opportunity to confuse them into compromising their rights;

**NOW, IT IS HEREBY FOUND AND DETERMINED THAT** the fees incurred for legal services rendered on February 5, 2023, February 7, 2023, and February 8, 2023, in connection with representing the Debtors in state court should not be awarded as sanctions against the Respondents.

4

The Court rejects the Debtors' argument that File's prior violations of the discharge injunction necessitated having an attorney present for the Debtors in the State Court Action on February 8, 2023. On the record of the Hearing, which was held September 27, 2023, the Court specified the 12 discharge violations committed by the Respondents, the last of which was a letter sent by File to Judge Didomenico on May 27, 2022, wherein File asserted that the Debtors violated a directive of the state court with respect to seeking sanctions against the Respondents. There is nothing in the record of this case to establish, or even suggest, that the Respondents would, or did, violate the discharge injunction after May 27, 2022. The State Court Action was discontinued against the Debtors in accordance with this Court's order. The Debtors were not on trial February 8, 2023, and were only present in their capacity as witnesses for the trial against their former co-defendant. This Court cannot conclude that legal fees for representation of the Debtors in that regard are compensable as a result of the discharge violations at issue. Accordingly, those fees should not be awarded as sanctions against the Respondents.

**NOW, THEREFORE,** for the reasons stated on the record of hearing on September 27, 2023, and based upon the Additional Fees Request and all responses thereto, all of which are incorporated herein by reference, and for the reasons stated herein, it is hereby

**ORDERED,** that the relief sought in the Sanctions Motion and Additional Fees Request is granted as set forth herein; and it is further

**ORDERED**, that the Respondents' objection to the Sanctions Motion is overruled; and it is further

**ORDERED**, that the Respondents are in contempt of the discharge order entered May 18, 2021; and it is further

**ORDERED**, that the Additional Fees Objection by File is sustained; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, legal fees in the amount of $58,902.35 and costs in the amount of $667.35; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, emotional distress damages in the sum of $5,000.00; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, punitive damages in the sum of $6,000.00; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that the Debtors' counsel shall serve a copy of this Order by first class mail, or email where available, upon Howard File, Esq., Barry Crupi, and the United States Trustee within two (2) business days of entry of this order and to file proof of service thereof.

Dated: March 28, 2024
      Brooklyn, New York

                                                     Nancy Hershey Lord
                                      United States Bankruptcy Judge

6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 7

SYED RASHID and ZAREENA RASHID,              Case No. 1-20-44192-NHL

                                    Debtor.
------------------------------------------------------------x

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

HOWARD FILE, ESQ.
Pro Se
260 Christopher Lane, Suite 201
Staten Island, New York 10314
(718) 494-8800

19

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                            Chapter 7

SYED RASHID and ZAREENA RASHID,                   Case No. 1-20-44192-NHL


                            Debtor.
--------------------------------------------------------------x

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1:  Identify the Appellant(s)**

1.  Name of Appellant:    Howard File, Esq.

2.  Position of Appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding:
    __ Plaintiff            ___ Defendant          ___ Other (describe)

    For appeals in a bankruptcy case and not in an adversary proceeding:
    ___ Debtor      ___ Creditor      ___ Trustee      X Other <u>Respondent</u>

**Part 2: Identify the subject of this appeal**

1.  Describe the judgment – or the appealable order or decree – from which the appeal is taken:  <u>Order granting balance of Debtors' Motion Seeking Sanctions Against Howard File, Esq. and Barry Crupi for Violation of the Discharge Injunction</u>
2.  State the date on which the judgment or appealable order or decree was entered: <u>March 28, 2024</u>

**Part 3: Identify the other parties to the appeal**

        <u>Party</u>
1.  Respondent/Appellant:        Howard File, Esq./Pro Se
                                 260 Christopher Lane, Suite 201
                                 Staten Island, New York 10314
                                 (718) 494-8800
                                 <u>hfile@hmfesq.com</u>

<u>Party</u>
2. Debtors/Respondents:                      Attorney:
   Syed Rasid & Zareena Rashid               Rosenberg, Musso, Weiner LLP
                                             26 Court Street
                                             Brooklyn, New York 11242
                                             (718) 855-6840
                                             <u>Rmusso@nybankruptcy.net</u>


<u>Party</u>
3. Respondent                                Pro Se
   Barry Crupi                               298 Arthur Kill Road
   <u>barryab@msn.com</u>                     Staten Island, New York 10308
                                             (718) 541-4717


4. Lori Lapin Jones
   Chapter 7 Trustee
   98 Cutter Mill Road
   Suite 255 South
   Great Neck, NY 11021
   (516) 466-4110
   <u>ljones@jonespllc.com</u>


5. Office of the United States Trustee
   Eastern District of NY (Brooklyn)
   Alexander Hamilton Custom House
   One Bowling Green, Room 510
   New York, New York 10004-1408


**<u>Part 4: Optional election to have appeal heard by District Court</u>**:  Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

_____        Date: April 2, 2024
Howard File, Esq. – Pro Se

Howard File, Esq.
260 Christopher Lane, Suite 201
Staten Island, New York 10314
(718) 494-8800

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                    Chapter 7


Syed Rashid and Zareena Rashid,                          Case No. 1-20-44192-NHL


                              Debtor.

-------------------------------------------------------------------x

### ORDER GRANTING BALANCE OF DEBTORS' MOTION SEEKING SANCTIONS AGAINST HOWARD FILE, ESQ. AND BARRY CRUPI FOR VIOLATIONS OF THE DISCHARGE INJUNCTION

WHEREAS, on December 7, 2020, Syed and Zareena Rashid (the "Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code; and

WHEREAS, on May 18, 2021, an order was entered discharging both Debtors, and the case was subsequently closed; and

WHEREAS, on April 13, 2022, the Debtors filed a motion [ECF No. 30] (the "Sanctions Motion") to reopen their Chapter 7 case so they may seek sanctions against Howard File, Esq. ("File") and his client Barry Crupi ("Crupi," and together with File, the "Respondents") for violations of the discharge injunction, and for an order compelling File and Crupi to discontinue an action filed in NYS Supreme Court, Richmond County (Docket No. 150826/2019) (the "State Court Action"); and

WHEREAS, the Respondents, through counsel David J. Doyaga, Esq., filed a partial opposition to the Sanctions Motion on May 12, 2022 [ECF No. 32], conceding to the reopening of the case, but opposing the imposition of sanctions; and

1

WHEREAS, the Debtors filed a response to the Respondents' opposition on May 17, 2022 [ECF No. 34]; and

WHEREAS, a hearing was held before the Court on May 19, 2022 (the "May 19 Hearing"), at which Robert Nadel, Esq. appeared as counsel to the Debtors, and David J. Doyaga, Sr., Esq. appeared as counsel to the Respondents; and

WHEREAS, at the May 19 Hearing, the Sanctions Motion was granted in part, and the Court set a briefing schedule on the issue of sanctions and damages; and

WHEREAS, the Court entered an order reflecting the relief granted at the May 19 Hearing on May 27, 2022 [ECF No. 36], which (1) reopened the case; (2) found that the Respondents violated the discharge injunction; (3) directed the Respondents to discontinue and withdraw the State Court Action as to the Debtors; (4) directed Debtors' counsel to submit time records evidencing actual damages, and to submit proof of ancillary damages suffered; and (5) set a briefing schedule on the balance of the Debtors' motion with regard to the issue of sanctions; and

WHEREAS, on June 22, 2022, Debtors filed a memorandum of law [ECF No. 43] in support of the Sanctions Motion which included a calculation of Debtors' counsel's fees and costs incurred in prosecuting the Sanctions Motion, totaling $48,480.00; and

WHEREAS, the parties filed their respective papers [ECF Nos. 47, 49, 55, 56, 61, 63], and hearings were held and adjourned from time to time; and

WHEREAS, on January 19, 2023, the Court established a further briefing schedule regarding the application of the Supreme Court's ruling in Taggart v. Lorenzen, 139 S. Ct. 1795 (2019) to the issues implicated by the Sanctions Motion; and

WHEREAS, the parties filed their respective briefs [ECF Nos. 70-72]; and

WHEREAS, a hearing was held before the Court on September 27, 2023 (the "Hearing"), at which Robert Nadel, Esq. appeared as counsel to the Debtors, David J. Doyaga, Sr., Esq. appeared as counsel to the Respondents, and Howard File, Esq. appeared individually; and

WHEREAS, at the Hearing, the Court read a decision into the record, the transcript of which is incorporated herein by reference; and

WHEREAS, consistent with the decision read into the record of the Hearing, on October 15, 2023, counsel for the Debtors filed an affirmation in support of granting further legal fees which were incurred prosecuting the Sanctions Motion since June 22, 2022 [ECF No. 76] (the "Additional Fees Request"); and

WHEREAS, by the Additional Fees Request, Debtors' counsel seeks the imposition of an additional $14,322.35 in legal fees, and $667.35 in costs, based upon 22.7 hours expended and expenses incurred in connection with the Sanctions Motion between June 22, 2022, and October 12, 2023; and

WHEREAS, on October 26, 2023, David J. Doyaga, Esq. filed a motion by order to show cause seeking (1) to be relieved as counsel to the Respondents, and (2) to extend the time periods for new counsel for the Respondents to (i) object to additional legal fees, (ii) stay the judgment pending appeal, and (iii) file a notice of appeal [ECF No. 80] (the "Motion to Withdraw"); and

WHEREAS, a hearing was held before the Court on the Motion to Withdraw on November 2, 2023, at which Robert Nadel, Esq. and Robert Musso, Esq. appeared as counsel to the Debtors, David J. Doyaga, Sr., Esq. appeared, and Howard File, Esq. appeared individually; and

WHEREAS, on November 14, 2023, the Court entered an order [ECF No. 85] relieving David J. Doyaga, Esq. as counsel of record for the Respondents, and extending the time for the

3

Respondents or their new counsel to file an objection to the Additional Fees Request from October 30, 2023, until December 18, 2023; and

WHEREAS, on December 18, 2023, File filed an affidavit in partial opposition to the Additional Fees Request [ECF No. 86] (the "Additional Fees Objection"); and

WHEREAS, no response to the Additional Fees Request was filed by or on behalf of Crupi; and

WHEREAS, by the Additional Fees Objection, File opposes the imposition of legal fees for 6.5 hours of work, totaling $3,900, which was performed by Debtors' counsel on February 5, 2023, February 7, 2023, and February 8, 2023, arguing, *inter alia*, that, the state court action against the Debtors had previously been discontinued per this Court's May 27, 2022 order, and that the Debtors were merely subpoenaed to appear for trial on February 8, 2023 against their co-defendant as material witnesses and, as such, those fees were not incurred as a result of the violation of the discharge order; and

WHEREAS, on December 28, 2023, Debtors' counsel filed an affirmation [ECF No. 88] in response to the Additional Fees Objection and asserting (1) that it was necessary for Debtors' counsel to speak to the Debtors on February 5, 2023 and February 7, 2023 because the Debtors were nervous about the upcoming hearing, and (2) that it was necessary to attend the state court hearing on February 8, 2023 because, based upon File's previous conduct in violation of the discharge injunction, the Debtors were concerned that File may attempt to call the Debtors to testify as an opportunity to confuse them into compromising their rights;

**NOW, IT IS HEREBY FOUND AND DETERMINED THAT** the fees incurred for legal services rendered on February 5, 2023, February 7, 2023, and February 8, 2023, in connection with representing the Debtors in state court should not be awarded as sanctions against the Respondents.

The Court rejects the Debtors' argument that File's prior violations of the discharge injunction necessitated having an attorney present for the Debtors in the State Court Action on February 8, 2023. On the record of the Hearing, which was held September 27, 2023, the Court specified the 12 discharge violations committed by the Respondents, the last of which was a letter sent by File to Judge Didomenico on May 27, 2022, wherein File asserted that the Debtors violated a directive of the state court with respect to seeking sanctions against the Respondents. There is nothing in the record of this case to establish, or even suggest, that the Respondents would, or did, violate the discharge injunction after May 27, 2022. The State Court Action was discontinued against the Debtors in accordance with this Court's order. The Debtors were not on trial February 8, 2023, and were only present in their capacity as witnesses for the trial against their former co-defendant. This Court cannot conclude that legal fees for representation of the Debtors in that regard are compensable as a result of the discharge violations at issue. Accordingly, those fees should not be awarded as sanctions against the Respondents.

NOW, THEREFORE, for the reasons stated on the record of hearing on September 27, 2023, and based upon the Additional Fees Request and all responses thereto, all of which are incorporated herein by reference, and for the reasons stated herein, it is hereby

ORDERED, that the relief sought in the Sanctions Motion and Additional Fees Request is granted as set forth herein; and it is further

ORDERED, that the Respondents' objection to the Sanctions Motion is overruled; and it is further

ORDERED, that the Respondents are in contempt of the discharge order entered May 18, 2021; and it is further

ORDERED, that the Additional Fees Objection by File is sustained; and it is further

5

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, legal fees in the amount of $58,902.35 and costs in the amount of $667.35; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, emotional distress damages in the sum of $5,000.00; and it is further

**ORDERED**, that the Debtors are awarded, and the Respondents are directed to pay jointly and severally, punitive damages in the sum of $6,000.00; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that the Debtors' counsel shall serve a copy of this Order by first class mail, or email where available, upon Howard File, Esq., Barry Crupi, and the United States Trustee within two (2) business days of entry of this order and to file proof of service thereof.

Dated: March 28, 2024
      Brooklyn, New York

                                     Nancy Hershey Lord
                              United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                          Chapter 7

SYED RASHID and ZAREENA RASHID,                 Case No. 1-20-44192-NHL

                         Debtor.
----------------------------------------------------------x

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

        HOWARD FILE, ESQ.
        Pro Se
        260 Christopher Lane, Suite 201
        Staten Island, New York 10314
        (718) 494-8800

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−1 | User: admin | Date Created: 4/3/2024 |
| Case: 1−20−44192−nhl | Form ID: pdf000 | Total: 5 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of the United States Trustee | USTPRegion02.BR.ECF@usdoj.gov |
| tr | Lori Lapin Jones | ljones@jonespllc.com |
| aty | Howard M File | hfile@hmfesq.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| | Rosenberg, Musso & Weiner, LLP | 26 Court Street | Brooklyn, New York 11242 |
| | Barry Crupi | 298 Arthur Kill Road | Staten Island, New York 10308 |

TOTAL: 2

| Information to identify the case: | | |
|---|---|---|
| Debtor 1: | **Syed Rashid** | Social Security number or ITIN:   xxx–xx–0986 |
| | First Name    Middle Name    Last Name | EIN:   _ _–_ _ _ _ _ _ _ |
| Debtor 2: (Spouse, if filing) | **Zareena Rashid** | Social Security number or ITIN:   xxx–xx–2311 |
| | First Name    Middle Name    Last Name | EIN:   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court:    Eastern District of New York | | Date case filed for chapter:        7        12/7/20 |
| Case number:    1–20–44192–nhl | | |

## NOTICE TO PARTIES CONCERNING APPEAL (ECF CASE)

A Notice of Appeal was filed on April 2, 2024, in the above case by Howard M File, regarding Order Granting Balance of Debtor's Motion Seeking Sanctions against Howard File, Esq. and Barry Crupi for Violations of the Discharge Injunction dated March 28, 2024, document number 90.

Effective December 1, 2014, Part VIII of the Federal Rules of Bankruptcy Procedure governing bankruptcy appeals was substantially revised in order to align those rules with the Federal Rules of Appellate Procedure and updated to include electronic transmission, filing, and service.

This notice must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Eastern District of New York, and this Court's Local Rules and Procedures.

1.  **Service of Notice:** The appellant must provide the Clerk with the email address of each party to be served; to the extent that there are parties to the appeal who are not equipped to receive email noticification, the appellant must provide the Clerk with the address for all parties to be served.

2.  **Appellant's Designation:** Appellant's designation of record on appeal and statement of issues to be presented on appeal are due within fourteen (14) days from the date of the filing of the Notice of Appeal. The designation must include a list of items to be included in the record on appeal. A copy of the designation and statement shall be served by the appellant on the appellee. A certificate of service must be filed with the bankruptcy court as proof that proper service was made.

3.  **Appellee's Designation:** Within fourteen (14) days after service of the appellant's designation and statement, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record on appeal.

4.  **Transcripts:** If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, call one of the court approved transcription service agencies to request a copy of a transcript. The written request for the transcript shall be filed with the bankruptcy court. The party requesting the transcript is responsible for the cost of transcription. Designated transcripts must be provided to this office in PDF format.

5.  **ECF Registration (*Attorneys Only*):** Documents must be filed electronically relative to this matter, both in the Bankruptcy Court and, once the record has been transmitted, in the District Court. For information on ECF registration in the Bankruptcy Court, please visit: www.nyeb.uscourts.gov/electronic–filing–procedures; in the District Court, visit: https://www.nyed.uscourts.gov/cmecf.

6.  **Transmittal of Record on Appeal:** Generally the record on appeal will be transmitted thirty (30) days from the date of the filing with the Court of the Notice of Appeal.

Dated: April 3, 2024

FOR THE COURT

By: /s/ Jasmin Gomez

_____

Deputy Clerk

**BLntcparties.jsp** [Notice to Parties 04/17/17]

# Notice Recipients

| District/Off: 0207−1 | User: admin | Date Created: 4/3/2024 |
|---|---|---|
| Case: 1−20−44192−nhl | Form ID: 772 | Total: 6 |

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| tr | Lori Lapin Jones | ljones@jonespllc.com |
| aty | Bruce Weiner | courts@nybankruptcy.net |
| aty | Robert J Musso | Rmusso@nybankruptcy.net |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | | | |
|---|---|---|---|---|---|---|
| cr | Barry Crupi | 26 Court Street | Suite 1601 | 26 Court Street, Suite 1601 | Brooklyn | NY, 11242 UNITED STATES |
| | Syed Rasid & Zareena Rashid | Rosenberg, Musso & Weiner LLP | 26 Court Street | | Brooklyn, New York 11242 | |
| | Barry Crupi | 298 Arthur Kill Road | Staten Island, New York 10308 | | | |

TOTAL: 3

31

| | | |
|---|---|---|
| Information to identify the case: | | |
| Debtor | **Syed Rashid** | EIN: _ _ – _ _ _ _ _ _ _ |
| | Name | |
| United States Bankruptcy Court    Eastern District of New York | | Date case filed for chapter:    7    12/7/20 |
| Case number:    1–20–44192–nhl | | |

# TRANSMITTAL OF NOTICE OF APPEAL

**TO THE CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:**

A Notice of Appeal was filed on April 2, 2024 by Howard M File, appealing Order Granting Balance of Debtor's Motion Seeking Sanctions against Howard File, Esq. and Barry Crupi for Violations of the Discharge Injunction, document number 90.

Pursuant to Bankruptcy Rule 8003(d)(1), the following documents are being transmitted:

ECF Doc. #90 – Order Granting Balance of Debtor's Motion Seeking Sanctions against Howard File, Esq. and Barry Crupi for Violations of the Discharge Injunction
ECF Doc. #91 – Civil Cover Sheet
ECF Doc. #92 – Notice of Appeal to District Court.
ECF Doc. #93 – Notice to Parties of Requirements, Deadlines.

Dated: April 3, 2024                                  Robert A. Gavin, Jr., Clerk of Court


By: /s/ Jasmin Gomez
_____
Deputy Clerk

**BLtroap.jsp** [Transmittal of Notice of Appeal 04/17/17]

# Notice Recipients

| District/Off: 0207−1 | User: admin | Date Created: 4/3/2024 |
|---|---|---|
| Case: 1−20−44192−nhl | Form ID: 771 | Total: 12 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

intp        Howard File, Esq

TOTAL: 1

**Recipients of Notice of Electronic Filing:**

ust        Office of the United States Trustee        USTPRegion02.BR.ECF@usdoj.gov
tr         Lori Lapin Jones        ljones@jonespllc.com
aty        Aleksandra Krasimirova Fugate        bkinbox@woodsdefaultservices.com
aty        Bruce Weiner        courts@nybankruptcy.net
aty        Holly R. Holecek        hrh@lhmlawfirm.com
aty        Howard M File        hfile@hmfesq.com
aty        Robert J Musso        Rmusso@nybankruptcy.net

TOTAL: 7

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db         Syed Rashid        247 Koch Blvd        Staten Island, NY 10312−5416
jdb        Zareena Rashid        247 Koch Blvd        Staten Island, NY 10312−5416
cr         Barry Crupi        26 Court Street        Suite 1601        26 Court Street, Suite 1601        Brooklyn        NY, 11242 UNITED STATES
cr         M&T Bank        c/o Woods Oviatt, Gilman, LLP        500 Bausch & Lomb Place        Rochester, NY 14607

TOTAL: 4